JOHN D. CAVAGNARO

*v.*

HARVEY F. JOHNSON et al.

[Decided September 21st, 1908.]

Complainant was willing to pay a certain sum for land, if the owner would induce his tenant to vacate, or if complainant could make satisfactory arrangements with the tenant, the owner being willing to give a warranty deed if he sold, and on June 15th complainant wrote to the owner, enclosing a deed, which he stated would be satisfactory if executed, and that complainant would be ready to take title the first week in July,

provided the tenant vacated the premises before that time. The owner stated that he was unwilling to give a general warranty deed, and that he was unwilling to compel the tenant to vacate within sixty days, but suggested that, if complainant paid a certain sum on account, he would have the tenant vacate within that time, and thereafter the parties had a telephone conversation and agreed to meet the following week. Complainant had the purchase price during these negotiations, and was ready to make settlement for the property.—*Held*, that the minds of the parties did not meet upon the terms of the sale, and there was no mutuality to the agreement, so as to constitute a completed contract.

On final hearing on pleadings and proofs.

*Mr. David W. McCrea* and *Mr. Robert L. Lawrence*, for the complainant.

*Mr. Wendell J. Wright*, for the defendant.

GARRISON, V. C. (orally).

This is a bill filed for the specific performance of a contract by John D. Cavagnaro against certain defendants succeeding to the rights of Harvey F. Johnson and Ruth Johnson, his wife.

Johnson, in his lifetime, was the owner of a tract of land at Northvale in the State of New Jersey. Correspondence ensued between the parties, or their representatives, looking to the sale by Johnson to Cavagnaro of this property for the sum of $2,000, with a small sum in addition thereto to pay for the expense of passing title.

Up until the 30th of June, 1906, the general situation was that Johnson was willing to sell for $2,000, provided satisfactory arrangements could be made with the tenant who was then in the property; Cavagnaro was willing to buy for $2,000 also, provided he could either force Johnson to have the tenant vacate the property or could himself arrange satisfactorily with the tenant.

Johnson agreed that if he sold he would give a warranty deed.

On the 15th of June, 1906, the representative of the complainant wrote to the representative of the defendants that they en-

closed a deed, which, if executed by Johnson and his wife, would be satisfactory to the purchaser, and that the purchaser would be ready to take title some time in the first week in July, 1906, but that it would be necessary to have the tenant vacate the premises before that time. The representative of the seller replied to this letter on the 30th of June, 1906, stating that he had received from his client, Johnson, the deed, but that it had not been executed as drawn; that Johnson was unwilling to give a warranty deed, and therefore the deed as executed contained no warranty excepting as against grantor's acts. This letter further states that the seller, Johnson, does not wish to have the tenant compelled to move under sixty days, and suggests that if the purchaser wishes the house vacated he should pay $500 on account and then the seller will have to have the tenant vacate within sixty days.

No more correspondence ensued between the parties concerning this subject-matter.

Some time about ten days or more after this letter of June 30th there is a telephone conversation between the attorneys of the seller and of the buyer. The attorney of the buyer telephoned to the attorney of the seller stating that he had not yet received any reply to his letter and he wished a date fixed for closing. He states that he is not feeling well at the time and wishes to know whether the attorney for the seller will not be coming shortly to New York City, to which the attorney for the seller replied that he would and states a time then about a week off when he would be down there. The attorney for the purchaser states that during this time he had in his hands the $2,000 to make settlement for the property.

It is contended on behalf of the complainant, the purchaser, that there was a completed contract which he is in a position to have enforced.

So far as the letters between the parties contain the terms of any contract it is perfectly clear that there was no meeting of the minds, and therefore no agreement. According to the letters the seller was to give a deed with full warranty and the property was to be vacant, this latter being an insistment of the

purchaser. The seller, being unwilling to give a full warranty, reforms the deed sent him and omits from it the clause of warranty against any acts save those of grantor. He also refuses to agree to deliver the property vacant, and suggests that the tenant be allowed to remain there sixty days, the purchaser paying $500 on account and getting the property at the end of sixty days upon payment of the balance.

There is no competent evidence before me that the purchaser ever agreed to any such performance of the contract as the seller tendered or suggested that he would tender. The only occurrence after the cessation of the written communications between the parties is a telephone talk by which a time of meeting is fixed. It may have been, and probably was, the intention of the purchaser at that meeting to either accept that which the seller should offer, namely, a deed without warranty except as against grantor's acts and a property encumbered with a tenant, or then come to new terms, but he had not agreed to do so, and there is nowhere any evidence of a meeting of the minds of these parties upon the terms of their bargain.

The mutuality required in these contracts is entirely lacking. If the purchaser were the defendant in this suit there is no proof of any contract which could be enforced against him, just as I do not find any proof of any contract to be enforced by the purchaser against the seller.

This is not a case in which the terms are agreed upon and the complainant is willing to accept such partial performance thereof as the defendant tenders with damages for the unperformed part; it is a case, as stated above, where the terms are not proven.

I will advise a decree dismissing the bill, with costs.